IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD A. MATTHEWS,

    Plaintiff,

v.

DAVID J. MAHONEY,

    Defendant.

OPINION AND ORDER

Case No. 19-cv-991-wmc

Plaintiff Edward Matthews is proceeding in this lawsuit against defendant David J. Mahoney on a Fourteenth Amendment due process claim related to the water quality and lack of recreation time at the Dane County Jail between September 5, 2017, and December 4, 2019.¹ Now before the court are: defendant's motion for partial summary judgment based on plaintiff's failure to exhaust administrative remedies (dkt. #16); and plaintiff's motion to amend his complaint (dkt. #23). For the reasons that follow, the court will deny both motions.

OPINION

I.    Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

¹ This is Matthews' second lawsuit in this court related to his conditions of confinement at the jail in 2018. Matthews filed his first in 2018, which was dismissed without prejudice in its entirety for failure to exhaust his administrative remedies. *Matthews v. Mahoney*, No. 18-cv-411-wmc (W.D. Wis. Nov. 11, 2019).

exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Matthews was incarcerated at the Dane County Jail from September 8, 2017, until December 18, 2019, and he is currently incarcerated there again. Defendant submitted Matthews' undisputed record of grievances at the Dane County Jail. Although he filed many grievances between 2018 and 2019, the earliest of his grievances addressing the claims raised in this lawsuit, *and* properly exhausted under the jail's procedures, were not submitted until July 14, 2018.

Specifically, in grievance #12427120, Matthews alleged that the water at the jail was making him ill and he had raised informal complaints with jail staff. (Voek Aff. Ex. 2 (dkt. #18-2) 11.) Matthews received a response that his complaint was not substantiated, which further explained that "[s]ince the time initial concerns were raised," the sheriff's office had been working with the Public Health Department to test the water supply and take aggressive mitigation steps to remediate the small percent of water lines with slightly elevated lead levels. (*Id.* at 12.) Matthews appealed, which was denied on August 1, 2018, because his concerns were unsubstantiated due to the testing at the jail.

2

Similarly, in grievance #12427121, Matthews complained that it had been eight weeks since the inmates received an hour of recreation, either outside or inside. (*Id.* at 7.) He also alleged that he had attempted to resolve the dispute informally with first shift officers every day. In denying that complaint, Matthews was told that the jail was in compliance with "DOC 350" standards regarding recreation, adding that the dayroom of the cellblock was considered an adequate recreation area. Matthews appealed, and on July 24, 2018, he was advised that the jail's initial response to his grievance was proper, citing the physical environment of the building and repeating that staff make efforts to provide recreation opportunities. (*Id.* at 9.)

Based on the timing of those two grievances, defendant seeks to limit Matthews' claims *only* to events occurring *after* July 2018, arguing that until then, jail staff did not have the opportunity to address Matthews' specific concerns about the water he was drinking or his access to recreation. In opposition, Matthews points out that the jail's grievance procedures require inmates first to attempt to resolve their concerns informally if possible, and he was told that the issue with the water was "ongoing." While defendant correctly points out that any verbal attempt to resolve this dispute does not satisfy the jail's exhaustion procedures, defendant's exhaustion argument fails for more fundamental reasons.

As a threshold matter, defendant essentially is asking the court to preclude Matthews from proceeding on claims related to events occurring *before* he submitted his July 14, 2018, grievances about recreation and water, but what sense does that make? The requirement of exhaustion is to put state defendants on notice so that the state may resolve

3

the matter short of litigation by altering violations or compensating plaintiff should his complaint have merit, *not* to preclude recovery for damages caused by past constitutional violations. Defendant cites no authority for this remarkable proposition. To the contrary, this circuit ordinarily faults prisoners for failing to exhaust their administrative remedies because their claims arise from events that had *not yet occurred* at the time they filed a grievance. *See Palmer v. Fenoglio*, 510 F. App'x 476, 478 (7th Cir. 2013) (affirming decision finding that prisoner did not exhaust claim against doctor when record showed that doctor did not interact with prisoner until after the grievances were filed); *Mayo v. Snyder*, 166 F. App'x 845, 848 (7th Cir. 2006) (affirming conclusion that prisoner failed to exhaust claim against nurses and doctors "because he filed his grievance before he was ever seen by th[o]se medical personnel"). Here, Matthews explicitly alleges that he regularly complained about his own past experiences, including specifically that he received inadequate recreation for the eight weeks leading up to the July 14, 2018, grievance, thus giving jail officials sufficient information to investigate Matthews' conditions of confinement before filing his grievances.

As importantly, Matthews' complaints about *both* water and recreation time were related to ongoing concerns he was having with respect to the conditions of his confinement, not discrete events. In *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), the Court of Appeals for the Seventh Circuit considered grievances filed more than a year after the condition at issue began. Nevertheless, the court found the exhaustion requirement had been satisfied, even though the applicable procedures required grievances to be filed within 60 days of discovery of the problem. *Id.* The court further explained

4

that "separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* Given that Matthews' allegations in both grievances indicate that he had been attempting to resolve the dispute informally *and* had been told by jail staff that both issues were in the process of being addressed, the court sees no basis to find that plaintiff needed to file a formal complaint sooner to look back at earlier misconduct. *See Nieto v. Dittman*, No. 16-cv-163-jdp, 2017 WL 3610571, at *2 (W.D. Wis. Aug. 22, 2017) (plaintiff exhausted administrative remedies for claim of ongoing lack of medical care two years after first being seen because he filed grievance after realizing that he could not resolve the grievance informally); *Edwards v. Schrubbe*, 807 F. Supp. 2d 809, 812 (E.D. Wis. 2011) (inmate complaint not untimely despite being submitted more than 14 days after first denial of medical treatment, since plaintiff filed "once he realized that he would not be able to resolve his grievance with the medical staff informally").

      Finally, although defendant points out that the jail's procedures require inmates to file grievances within five days of the grievable issue, jail officials themselves did not temporally limit their review of the two grievances Matthews submitted. This, too, is sufficient to satisfy the exhaustion requirement. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."). Accordingly, defendant is not entitled to partial summary judgment, and his motion will be denied.

5

## II.     Motion to Amend (dkt. #23)

Next, Matthews asks that the court permit him to amend his complaint to include the current Dane County Sheriff Kalvin Barrett, who he says should serve as the "successor" defendant in this lawsuit. However, plaintiff is not proceeding on an official capacity claim against Mahoney. Instead, he is proceeding based on his allegations that Mahoney was aware of Matthews' lack of recreation and exposure to lead in the drinking water, and failed to take corrective action. (10/6/21 Op. & Order (dkt. #3) 2-3.) This is not a mere technicality, since 42 U.S.C. § 1983 requires *personal* involvement by a defendant to proceed with an alleged constitutional violation. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (emphasis added)) (citation omitted).

Specifically, a supervisor may be liable only if he knew about unconstitutional "conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [she] might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) ((citation omitted). Matthews has not filed a proposed amended complaint along with his motion, nor has he alleged facts suggesting that *Barrett* has been personally involved in violating plaintiff's constitutional rights. Instead, Matthews states that he has been subjected to the "same policies and rules" set forth in his complaint. However, Matthews does not allege that he (1) continues to be subjected to unsafe drinking water or (2) still does not have access to adequate recreation periods. Nor does Matthews suggest he could allege in good faith that *Barrett* is aware of, and has failed to address, these specific deficiencies. Without more details connecting plaintiff's alleged conditions of confinement

6

to Barrett since he became sheriff, the court sees no basis to permit Matthews to proceed on a claim against Barrett.

Accordingly, the court will deny this motion without prejudice because Matthews is pursuing injunctive relief in this case. Since Mahoney is no longer the sheriff and Barrett is in the position to implement any injunctive relief that this court may grant, Barrett may be an appropriate party for that reason. For this reason, should this case proceed past summary judgment, then Matthews may renew his motion to amend his complaint to add Barrett in his official capacity as the Dane County Sheriff.

ORDER

IT IS ORDERED that:

1) Defendant David J. Mahoney's motion for summary judgment for failure to exhaust administrative remedies (dkt. #16) is DENIED.
2) Plaintiff's motion to amend (dkt. #23) is DENIED without prejudice.

Dated this 9th day of June, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge